## John W. Ross *v.* Thompson Hudson, Appellant.

*Illegal arrest—Liability of justice of peace—Act of March* 21, 1772.

A justice of the peace who illegally orders or causes the arrest of a citizen may be made liable in an action for damages; but to be so held liable the statute requires the preliminary notice to be given, so that proper amends may be made and expensive litigation avoided.

Wherever a magistrate has acted honestly, although mistakenly, where he supposed he was in the execution of his duty, although he had no authority to act, he is entitled to the protection of the Act of March 21, 1772, 1 Smith's Laws, 364.

Argued Nov. 17, 1897. Appeal, No. 63, Oct. T., 1897, by defendant, from judgment of C. P. Chester Co., Aug. T., 1896, No. 79, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Trespass for the unlawful issuing by the defendant, a justice of the peace, of a warrant for the arrest of the plaintiff and procuring his arrest and retention for nonpayment of tax. Before WADDELL, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Error assigned* among others was in the answer to and disaffirmance of defendant's first point, which point and answer are as follows: "The plaintiff having failed to show thirty days' notice of plaintiff's intention to sue, given to the defendant (who is a justice of the peace) by said plaintiff, pursuant to the provisions of the act of assembly of March 21, 1772, the plaintiff cannot recover in this action, and your verdict must be for the defendant. *Answer:* I must refuse to affirm that point. I recognize that the act of assembly makes provision that a justice of the peace shall have thirty days' notice of an intention to bring an action against him for violation of his duties in office, and if the plaintiff does not do so, that he cannot sustain his action. But that depends upon the character of the action. If the justice was acting within his jurisdiction, within the powers

of his office, then he is entitled to have thirty days' notice, so that he may make any amends which he may think the case warrants. But when he is acting without any jurisdiction, simply under color of his office because he is a justice, then he is not entitled to any such notice. In my judgment the case depends upon that question, and I cannot therefore affirm that point. I must refuse it."

*Chas. H. Pennypacker,* for appellant.—It may be laid down as a general rule, that wherever an officer has acted honestly, although mistakenly, where he supposed he was in the execution of his duty, although he had no authority to act, he is entitled to the protection of the act of assembly : Booth v. Clive, 10 C. B. 827 ; Jones v. Hughes, 5 S. & R. 299 ; Hubert v. Mitchell, Dist. Ct. of Phila. March 19, 1849.

*George B. Johnson,* with him *J. Frank E. Hause,* for appellee. —Where the act committed by the justice is entirely foreign to his jurisdiction, nothing can give it official color: Jones v. Hughes, 5 S. & R. 299.

Before a justice is entitled to the notice provided by the act of 1772, he must be clothed with official power to do the act officially, so that he is authorized to judge and decide whether the offense charged has been committed, or whether the thing done is punishable or within his cognizance : Johnson v. Thompkins, 1 Baldwin, 571, 602.

If a court acts without jurisdiction its judgments are nullities ; they are not voidable but void, and not one of the essentials to jurisdiction existed in the case at bar : Wise v. Wills, 2 R. 208; Grohmann v. Kirschman, 36 W. N. C. 389.

OPINION BY ORLADY, J., February 19, 1898 :

The defendant, a duly commissioned and acting justice of the peace, on complaint in writing of a collector of taxes, issued a warrant authorizing a constable named therein to levy the amount of a tax assessed against the plaintiff the language of the writ being as follows : " in case goods and chattels sufficient to satisfy the said tax with costs cannot be found, you are hereby authorized to take the body of the said J. W. Ross and convey him to the jail of the proper county, there to remain until the

amount of said tax with costs shall be paid or secured to be paid, or until he be otherwise discharged by due course of law." The plaintiff neglected or refused to make payment of the tax, and under the authority of the warrant issued by the defendant the plaintiff was taken into custody, but before being committed to prison he was discharged under habeas corpus proceedings. This action is brought to recover damages for the wrongful arrest.

It was clearly proved that the taxes claimed were due by the plaintiff as school taxes, and it is admitted that the proceeding to enforce the payment by the arrest of the delinquent was unauthorized by any statute providing for the collection of school taxes.

The defendant's first point raised the principal question in the case. "The plaintiff having failed to show thirty days' notice of plaintiff's intention to sue given to the defendant (who is a justice of the peace) by said plaintiff, pursuant to the provisions of the act of assembly of March 21, 1772, the plaintiff cannot recover in this action, and your verdict must be for the defendant."

The learned trial judge refused to affirm the point, and held that "If the justice was acting within his jurisdiction, within the powers of his office, then he is entitled to have thirty days' notice so that he may make any amends which he may think the case warrants; but when he is acting without any jurisdiction, simply under color of his office because he is a justice, then he is not entitled to any such notice."

This statute has received practically the same construction here as similar ones in England, and as held in Jones v. Hughes, 5 S. & R. 299. "It may be laid down as a general rule, that wherever the officer has acted honestly, although mistakenly; where he supposed he was in the execution of his duty, although he had no authority to act, he is entitled to the protection of the act of assembly.

"The having of jurisdiction is not the criterion; for if one magistrate were to act in a case in which jurisdiction is expressly committed to two, he would still be entitled to notice." And in Prior v. Craig, 5 S. & R. 44: "The act of 1772 is a remedial law, general in its provisions; it is beneficial, and therefore, not to be restrained, but by express words or strong and necessary implication. It was intended for all cases where a justice of

the peace acting within his jurisdiction rendered himself amen able for the wrong; and although the policy of the act may have been to secure in some measure the officer bound to act, and therefore in danger of doing wrong, from the legal consequences of unintentional error; yet as it is in many instances, impossible to distinguish errors of the head from those of the heart, its provisions must of necessity be extended to every case of official misconduct made the subject of an action."

The complicated system of securing the payment of taxes, and the distinctions in the means employed to enforce payment of township and school taxes, though the territory, person and property may be identical for each object, furnishes ample room for a mistake by a person unlearned in the law.

The conflicting arguments as to jurisdiction, and want of jurisdiction in the justice's court are much too complicated to hold the officer individually responsible for a bona fide mistake of legal judgment.

The words " in the execution of his office " cannot be held to mean absolute certainty of jurisdiction, as that would preclude possibility of error, and the officer would not then require protection. The words must be qualified by the decisions; and then the meaning will be, that a party to be entitled to the protection of a notice must bona fide and reasonably believe himself to be authorized by the act.

The evidence clearly shows the justice to have acted in the mistaken belief that he was following the strict letter of a statute, and to have erred only because he failed to legally distinguish between the means to be employed in the collection of township or school taxes. If the defendant acted in honest ignorance, or in an honest belief that he was acting by reason of his office as justice of the peace in putting the law in motion, he was entitled to the notice required by the act of 1772. The answer of the learned trial judge to the defendant's third point imposed a higher standard of duty on the justice of the peace than is required by the law.

The English cases are uniform on this subject: Booth v. Clive, 10 C. B. R. 827; Arnold v. Hamel, 9 Exch. 404; Heath v. Brewer, 15 C. B. R. (N. S.) 803; and the decisions of our courts are in accord with them: Jones v. Hughes, supra; Wise v. Wills, 2 Rawle, 208. A justice of the peace who ille-

gally orders or causes the arrest of a citizen may be made liable in an action for damages: McCarthy v. DeArmit, 99 Pa. 63; Neall v. Hart, 115 Pa. 347; but to be so held liable the statute requires the preliminary notice to be given so that proper amends may be made and expensive litigation avoided.

The first assignment of error is sustained, the judgment is reversed.