## Magnussen, Appellant, *v.* Shortt.

*Justice of the peace—Notice of purpose of bringing action—Act of March 21, 1772—Malicious prosecution.*

Where A makes information before a justice of the peace that B has taken his property "without leave or right," not charging the taking to have been done feloniously, and B is arrested on a warrant based on this information charging a felonious taking and held to bail to answer a charge of larceny, and no notice is served on the justice of the peace before suit brought as provided by the act of March 21, 1772, neither A nor the justice of the peace is liable in an action of trespass for malicious prosecution.

Argued May 6, 1901.  Appeal, No. 9, Jan. T., 1901, by plaintiff, from order of C. P. Warren Co., Dec. T., 1899, No. 39, refusing to take off non-suit and from judgment on verdict for plaintiff in case of Jonas P. Magnussen v. W. H. Shortt and M. W. Harrington.  Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ.  Affirmed.

Trespass for malicious prosecution.  Before LINDSEY, P. J.

At the trial it appeared that on October 14, 1897, William H. Shortt made information before M. W. Harrington, a justice of the peace, and one of the defendants, as follows:

"Personally appeared before me, a justice of the peace, in and for said county, Wm. H. Shortt, president of Sugar Grove Savings Bank, who being sworn according to law, deposes and says, that on or about the 4th day of October, 1897, as he verily believes, that John P. Gustafson and Jonas P. Magnussen and some other person, to the complainant unknown, did, without leave or right, take from the premises of Gust and John Swanson, one spring road wagon, one covered buggy, one cutter, belonging to the Sugar Grove Savings Bank."

A warrant was issued and Magnussen and Gustafson were arrested, and bound over for trial. An indictment was framed which the grand jury ignored. No notice of suit was given to Harrington as provided by the act of March 21, 1772. The court granted a non-suit as to Harrington which it subsequently refused to take off. The court also held that as the information did not charge a felonious taking, the suit could not be maintained against W. H. Shortt.

Verdict and judgment for W. H. Shortt. Plaintiff appealed.

*Errors assigned* were (1) refusal to take off non-suit; (4) in giving binding instructions in favor of W. H. Shortt.

*W. W. Wilbur,* of *Wilbur & Schnur,* and *D. U. Arird,* for appellant.

*D. I. Ball,* for appellees.

PER CURIAM, July 17, 1901:

In this case a verdict was rendered for the defendants by direction of the court below, and the plaintiff appealed to this court. An examination of the assignments satisfied us that no error was committed by the court below in directing the jury to render a verdict for the defendants. The assignments are dismissed and the judgment of the court below is affirmed.