## Wanner v. Danner.

*Justices of the peace—Issue of commitment on Sunday—Damages for—Subsequent appearance—Act of Jan. 12, 1705.*

The commitment to jail on Sunday of a defendant arrested on a warrant issued on Saturday is a violation of the Act passed Jan. 12, 1705, 1 Sm. Laws, 25, and the justice of the peace who issued such commitment is liable for damages to the injured party, although the latter subsequently appeared, plead guilty and paid a fine.

False imprisonment. Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., April T., 1921, No. 51.

S. R. Zimmerman and John E. Malone, for rule; Joseph B. Wissler, contra.

LANDIS, P. J., Dec. 23, 1921.—This case differs somewhat from that of Wanner v. Buch, April Term, 1921, No. 50 [see preceding case], in which an opinion has just been filed, though not in any of the essential facts. The defend-
1 D. & C.

ant is a justice of the peace, residing in the Borough of Manheim. On Jan. 29, 1921, he issued a warrant for the arrest of the plaintiff on a charge of violating the school laws, and placed it in the hands of Howard Buch, a constable. In pursuance of this warrant, Buch arrested Wanner on Sunday, Jan. 30, 1921, and took him before the defendant, who, in default of bail, committed him to the Lancaster County prison. He remained there until the following Tuesday, when he was again brought before the defendant. He then entered a plea of guilty and paid a fine of $2 and costs of prosecution, amounting in all to $16.65. The plaintiff gave notice, in accordance with the act of assembly, and then brought this suit to recover damages. A verdict was rendered in favor of the plaintiff, and the correctness of that finding is the question now before us.

The Act passed Jan. 12, 1705, ch. 119, § 4, 1 Sm. Laws, 25, provides "that no person or persons upon the first day of the week shall serve or execute, *or cause to be served or executed*, any writ, precept, *warrant*, order, judgment or decree, except in cases of treason, felony or breach of the peace," and then declares that the serving of the same "shall be void to all intents and purposes whatsoever." By an added provision, the person serving or executing the same is made liable to the suit of the party aggrieved and to answer in damages for so doing. This provision is not, however, applicable to the present defendant, as he issued the warrant on Saturday, Jan. 29, 1921, and had no hand in "serving or executing the same." But when Wanner was brought before him on Sunday, Jan. 30th, he committed him to the Lancaster County prison in default of bail. Did he perform an illegal act in so doing, and if he did, was Wanner's plea of guilty and the payment of a fine and costs a waiver of his right of action for damages?

The Act of 1705 prohibited him from causing "to be served or executed any writ, precept, warrant, order, judgment or decree, except in cases of treason, felony or breach of the peace." A disobedience of the requirements of the school laws did not fall within any of these exceptions, and it, therefore, follows that he had no right to commit Wanner, in default of bail, to the Lancaster County prison for this offence. In so doing he violated the provision of the act. In McCarthy v. De Armit, 99 Pa. 63, Mr. Justice Trunkey, in delivering the opinion of the court, said: "If a justice of the peace, without reasonable cause, maliciously orders the arrest of a person for breach of the peace or felony he may be compelled to answer the injured party in compensatory damages, and also exemplary, proportionate to the wantonness and oppressiveness of his conduct." In Grohmann v. Kirschman, 168 Pa. 189, Endlich, J., in the court below, said: "The lodging of an accused person in prison is not, strictly speaking, by virtue of the original warrant or arrest, which simply orders the constable to bring the accused before the magistrate to answer and be dealt with according to law, . . . but by virtue of another order or commitment, written or oral, issued by the magistrate after the prisoner has been brought before and examined by him. . . . If, then, the magistrate, in violation of his duty to accept bail offered and thereupon to set the prisoner at large, causes him to be removed in custody of a constable from his office to the prison, such performance constitutes a new and distinct wrong, an illegal act, not merely an illegal omission, and that act, involving positive constraint applied by the magistrate to the prisoner, compelling him to do something and not merely to refrain from doing something, constitutes a trespass, an imprisonment, though there may have been no physical contact and no actual violence." In Ross v. Hudson, 6 Pa. Superior Ct. 552, it was held that "a justice of the peace who illegally orders or causes the arrest of a citi-

zen may be made liable in an action of damages; but to be so held liable the statute requires the preliminary notice to be given, so that proper amends may be made and expensive litigation avoided." Orlady, J., in delivering the opinion of the court, said: "The English cases are uniform on this subject . . . and the decisions of our courts are in accord with them." See Jones *v.* Hughes, 5 S. & R. 299; Kessler *v.* Hoffman, 9 Dist. R. 365. And in 24 Cyc., 423, it is stated that "the general rule is that a justice of the peace who acts in a case of which he has no jurisdiction, or who exceeds his jurisdiction, is liable in damages to any party injured." On page 426, 24 Cyc., it is also said that "want of malice or corrupt motive and error of judgment as to his jurisdiction, although they may go to the jury in mitigation of damages, will not justify or excuse a justice of the peace for any act done in excess of his jurisdiction."

In this case the notice was given in accordance with the Act of March 21, 1772, § 3, 1 Sm. Laws, 364, but the defendant did not offer to make amends, and he is here defending the action on the ground that by the plea of guilty the plaintiff waived all right to damages.

This proposition I do not think is well founded. The trespass was committed when the justice caused the plaintiff to be sent to prison. No matter whether the plaintiff was or was not guilty of the offence charged in the complaint, the justice could not, either orally or in writing, commit him on the first day of the week without disobeying the provisions of the Act of 1705. I, therefore, think the case was properly submitted to the jury and that the verdict is a just and proper one.

The rule for judgment *non obstante veredict* is for these reasons discharged.

Rule discharged.

From George Ross Eshleman, Lancaster, Pa.