### Frahley v. Miller.

*Justice of the peace—False arrest—Notice to justice—Requisites—Abode of attorney—Amendment—Act of March 21, 1772.*

1. A notice to a justice of the peace prior to issuing a writ against him, required under the Act of March 21, 1772, 1 Sm. Laws, 364, signed by an attorney, but not containing therein, or endorsed thereon, the place of his abode, is defective.

2. In a suit against a justice of the peace for damages for false arrest, the plaintiff's statement showing such a defective notice, on an affidavit of defence raising questions of law, leave was granted to amend, and, on default, judgment to be entered against plaintiff.

Trespass. Affidavit of defence upon questions of law. C. P. Lehigh Co., Oct. T., 1920, No. 101.

*Edwin K. Kline,* for plaintiff.

*Morris Hoats* and *Calvin E. Arner,* for defendant.

RENO, J., March 20, 1922.—Plaintiff sues in trespass for damages caused by the alleged wrongful act of the defendant, an alderman of the City of Allentown. He avers in his statement of claim that on July 10, 1920, an action of debt was instituted against him before the defendant; that the defendant issued a summons returnable to July 16, 1920, at 7.30 P. M.; that plaintiff did not appear at the hearing; that thereupon defendant issued a warrant of arrest upon which plaintiff was arrested and committed to the Lehigh County jail, where he was incarcerated from July 16, 1920, at 8.15 P. M., until July 17, 1920, at 12.15 A. M. He further avers that "the defendant on July 30, 1920, was given notice of the claim of the plaintiff against him, as required by the Act of March 21, 1772, 1 Sm. Laws, 364, a copy of which is hereto attached and marked Schedule D." The notice referred to is as follows:

"To E. J. Miller, Alderman, 7th Ward, Allentown, Penna.: You are hereby notified that William Frahley demands of you the sum of twenty-nine dollars and ($29.25) twenty-five cents, being money paid unto you for costs in suit of John Tratneck, and obtained by you by falsely arresting William Frahley and committing him in the Lehigh County Jail, whereof you had no legal right or authority so to do.

"You are hereby notified that unless you return unto the said William Frahley said money thus paid, together with his costs and expenses arising therefrom, William Frahley will institute suit against you for false arrest and imprisonment within thirty days after serving of this notice.

                                        EDWIN K. KLINE,
                                        Atty. for William Frahley."

2 D. & C.

Frahley v. Miller.

The defendant has filed an affidavit of defence under section 20 of the Practice Act of 1915, raising questions of law upon which he demands the decision of the court. These questions of law relate largely to the sufficiency of the aforesaid notice, and the view which we take of one of the questions makes it unnecessary to discuss all of them.

The Act of March 21, 1772, § 1, 1 Sm. Laws, 364, provides, in part, as follows: "That no writ shall be sued out against . . . any justice of the peace for anything done by him in the execution of his office until notice in writing of such intended writ or process shall have been delivered to him or left at the usual place of his abode by the party, or his attorney or agent, who intends to sue . . . at least thirty days before the suing out or serving the same; in which notice shall be clearly and explicitly contained the cause of action which the party hath or claimeth to have against such justice of the peace, on the back of which shall be endorsed the name of such attorney or agent, together with the place of his abode."

Aldermen in cities of the third class, of which class is Allentown, "have all the powers and jurisdiction of a justice of the peace" (Act of May 23, 1874, § 32, P. L. 248), and therefore, are entitled to the preliminary notice provided for by the Act of March 21, 1772, 1 Sm. Laws, 364, before suit may be instituted. Cf. Hodges v. McGovern, 230 Pa. 368; Hanna v. Slevin, 8 Pa. Superior Ct. 509; Ross v. Hudson, 6 Pa. Superior Ct. 552. That statute being the foundation of the action, must be strictly pursued and the notice must set forth every fact necessary to bring the case within the act: Stansbury v. Bertron, 7 W. & S. 362. Hence, the notice must specify the name of plaintiff's attorney or agent, if he have one, and the place of abode of such attorney or agent. The courts will probably not insist that this information be endorsed on the back of the notice if it appears upon the face of the notice: Slocum v. Perkins, 3 S. & R. 294; but it is essential to the validity of the notice that the name of the attorney or agent and his place of abode shall appear somewhere in the notice. The notice in the instant case lacks this essential. It is signed by the attorney for the plaintiff, but neither upon the face nor in the body of the notice is there any information as to the attorney's "place of abode." The word "Allentown" clearly refers to the address of the defendant, and by no process of reasoning could it be taken to designate the address of the plaintiff's attorney. We are obliged to hold that in this respect the notice is not a sufficient compliance with the statute.

We have considered several of the other questions of law raised by the affidavit of defence, some of which seem to possess great merit, but the conclusion to which we have come makes it unnecessary to pass upon them at this time. Accordingly,

Now, March 20, 1922, this cause came on to be heard upon defendant's demand for judgment upon the questions of law raised by his affidavit of defence, and upon consideration thereof, it is adjudged that the question of law referred to in the foregoing opinion be and is hereby sustained, and that the plaintiff's statement of claim is not sufficient in law to sustain this action, and it is further ordered that, unless an amendment thereof be offered after notice to defendant's counsel and allowed by the court within fifteen days from date of service of this order upon plaintiff's counsel by the prothonotary, that judgment be entered by the prothonotary upon præcipe of defendant's counsel in favor of the defendant and against the plaintiff.

From James L. Schaadt, Allentown, Pa.