## Zettlemoyer v. Leeser et al.

*Guy A. Bowe, Jr., Cletus C. Kelker,* and *Calvin J. Friedberg,* for plaintiff.

*B. J. Duffy, Sr.,* for defendants.

STAUDENMEIER, J., May 16, 1949.—This matter comes before the court on preliminary objections to an amended complaint.

Plaintiff, Lewis Zettlemoyer, issued a summons in trespass against William J. Leeser and Joseph H. Weaver on May 17, 1948. Defendant, William J. Leeser, is a justice of the peace in and for the Township of West Penn, County of Schuylkill and State of Pennsylvania. Defendant, Joseph H. Weaver, on November 17, 1947, swore to an information before defendant, William J. Leeser, charging plaintiff with the crime of larceny. Pursuant to the information, defendant, William J. Leeser, issued a warrant for the arrest of plaintiff on the charge of larceny, and delivered it to William Steigerwalt, constable, for service. On this same day at about 10 a. m. the constable placed plaintiff under arrest and took him to the office of defendant, William J. Leeser, justice of the peace, at Andreas, Pa. At the conclusion of the preliminary hearing before this defendant justice of the peace, plaintiff was declared guilty of larceny and without fixing bail, defendant, William J. Leeser, ordered plaintiff committed to the Schuylkill County Prison. He was there confined from 12:30 p. m. on November 17, 1947, until about 1 p. m. on November 21, 1947. On November 21, 1947, an order of nolle prosequi was entered, whereupon plaintiff was discharged from prison.

The action instituted by plaintiff against defendants was for injuries to his credit, character, and reputation; for disgrace, anxiety of mind, and physical suffering; for loss of liberty, and for expending large sums of money in gaining his freedom and defending himself.

The cause of action herein stated against the justice of the peace was based on the Act of March 21, 1772, 1 Sm. L. 364, sec. 1, 42 PS §1011.

This act of assembly requires that a notice in writing is to be delivered to the justice of the peace, or left at the usual place of his abode, at least 30 days before the writ is "sued out." The act reads as follows:

"From and after the publication of this act, no writ shall be sued out against, nor any copy of any process, at the suit of a subject shall be served on, any justice of the peace, for any thing by him done in the execution of his office, until notice, in writing, of such intended writ or process shall have been delivered to him, or left at the usual place of his abode, by the party, his attorney or agent, who intends to sue, or cause the same to be sued out or served, at least thirty days before the suing out or serving the same; in which notice shall be clearly and explicitly contained the cause of action, which the said party hath, or claimeth to have, against such justice of the peace; on the back of which notice shall be indorsed the name of such attorney or agent, together with the place of his abode, who shall be entitled to the fee of twenty shillings for the preparing and serving such notice, and no more." (1772, March 21, 1 Sm. L. 364, Sec. 1.)

This statute, being the foundation of this action, must be strictly pursued: Stansbury v. Bertron, 7 W. & S. 362.

Notice as required by this act is a condition precedent to maintaining an action against a justice for official misconduct: Magnussen v. Shortt, 200 Pa. 257; Finkbeiner v. Chidsey, 44 D. & C. 579; Ross v. Hudson, 6 Pa. Superior Ct. 552.

In the instant case the summons was issued on May 17, 1948. Notice in accordance with the above-quoted act was served upon defendant justice of the peace on May 19, 1948. This is a violation and is contrary to the provisions of the Act of 1772, supra. The action cannot be brought against a justice of the peace until notice is served upon him prior to the institution of

suit, and a period of 30 days must elapse before the writ is "sued out."

It is unnecessary to discuss all of the preliminary objections filed by defendants to plaintiff's amended complaint. It is sufficient to state that the third preliminary objection of defendants which avers that the notice was served subsequent to the filing of the summons in trespass must be sustained.

Section 7 of the Act of 1772, supra, reads as follows:

"No action shall be brought against any justice of the peace, for anything done in the execution of his office, or against any constable or other officer, or person or persons acting as aforesaid, unless commenced within six months after the act committed."

In sustaining the preliminary objections of defendants on the ground that notice was not given in accordance with the first section of the act it is apparent that this suit cannot be maintained against defendant justice of the peace for the reason that more than six months have now elapsed since the act was committed. The record shows that plaintiff was arrested on November 18, 1947, on a charge of larceny of a radio. The six months' period expired on May 18, 1948. The summons was issued on May 17, 1948. It is evident that if plaintiff failed to give notice within the required time set forth in the act, he cannot now support his action against this defendant justice of the peace.

Plaintiff's right of action against defendant Joseph H. Weaver is not affected by the provisions of the Act of 1772, supra. Hence, nothing in this opinion is to be construed as limiting or preventing plaintiff from proceeding against defendant Joseph H. Weaver.

And now, May 16, 1949, the preliminary objections are sustained and this complaint is dismissed as to defendant William J. Leeser, justice of the peace. Plain-

tiff Lewis Zettlemoyer is given 20 days to file an amended complaint against defendant, Joseph H. Weaver.