## Kovachick v. Jennings

*Thomas H. Hudson, Jr.* and *Myron W. Warman*, for plaintiffs.

*Joseph E. Kovach*, for defendant.

MUNSON, J., August 17, 1964.—This matter comes before the court on preliminary objections to a complaint in trespass, the complaint having been filed October 8, 1962.

The facts may be stated from the complaint. Defendant, Jennings, a justice of the peace in and for the Borough of Brownsville, this county, upon information signed by one Marie Kovachick, the 17-year-old daughter of plaintiffs, on Sunday, January 7, 1962, issued a warrant for the arrest of plaintiff, Anna Kovachick, on a charge of assault and battery. On the same day plaintiff was arrested and, following a hearing before the justice of the peace, paid a fine and costs.

The present action brought by Anna Kovachick against defendant alleges the prosecution was malicious and unfounded, that it caused her humiliation, and that it was damaging to her character and reputation.

Defendant's preliminary objections aver, in effect, that the complaint does not set forth a cause of action. While these objections are not well pleaded, defendant's brief and oral argument are devoted to the complaint's failure to allege the giving of 30 days' notice in writing to defendant of plaintiffs' intention to sue, and secondly, to the fact that the action against defendant was not commenced within 6 months after the act committed. We will dispose of the matter from this point.

The Act of March 21, 1772, 1 Sm. L. 364, sec. 1, 42 PS §1011, reads as follows:

"From and after the publication of this act no writ shall be sued out against, nor any copy of any process, at the suit of a subject, shall be served on any justice of the peace, for any thing by him done in the execution of his office, until notice, in writing, of such intended writ or process shall have been delivered to him, or left at the usual place of his abode, by the party, his attorney or agent, who intends to sue, or cause the same to be sued out or served, at least thirty days before the suing out or serving the same; in which notice shall be clearly and explicitly contained the cause of action, which the said party hath, or claimeth to have, against such justice of the peace; on the back of which notice shall be endorsed the name of such attorney or agent, together with the place of his abode, who shall be entitled to the fee of twenty shillings for the preparing and serving such notice, and no more."

This foregoing statute must be strictly pursued: Stansbury v. Bertron, 7 W. & S. 362. Plaintiffs' complaint does not allege that the statutory 30 days' notice was given to defendant, Jennings. Notice as required by this act is a condition precedent to maintaining an action against a justice of the peace for official misconduct: Jones v. Hughes, 5 S. & R. 298; Ross v. Hudson, 6 Pa. Superior Ct. 552; Finkbeiner v. Chidsey, 44 D. & C. 579.

Furthermore, the action complained of is stated in the complaint as occurring on January 7, 1962, and suit was brought on October 8, 1962. The Act of March 21, 1772, 1 Sm. L. 364, sec. 7, 42 PS §1017, provides:

"No action shall be brought against any justice of the peace, for any thing done in the execution of his office, or against any constable or other officer, or person or persons acting as aforesaid, unless commenced within six months after the act committed."

The limitation under this statute requiring that the action must be brought within six months is not a pure statute of limitations, which under Pennsylvania Rule of Civil Procedure 1030 would require an affirmative pleading under "New Matter," but one which qualifies the granting of a substantive right by condition as to the time within which action to enforce it may be maintained: Guy v. Stoecklein Baking Company, 133 Pa. Superior Ct. 38. The right in the case at bar likewise being a substantive right may be raised at this stage of the proceedings by preliminary objections: Sahd v. Kiscaden, 57 Lanc. 203. Plaintiffs' action showing on its face that it was not brought within six months after the justice's act complained of is therefore barred by section 7 of the Act of March 21, 1772, supra: Zettlemoyer v. Leeser, 70 D. & C. 376.

### Order

And now, August 17, 1964, for the reasons heretofore stated, the defendant's preliminary objections are sustained and plaintiffs' complaint is dismissed.