## William W. Hanna, Appellant, *v.* John Slevin.

*Justice of peace—Nonliability for exercise of judicial functions.*

The general rule, both in this country and in England, is that justices of the peace, while acting within the scope of their authority are not answerable in damages for the merely erroneous exercise of purely judicial functions.

Argued Oct. 6, 1898.  Appeal, No. 51, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1895, No. 798, in favor of defendant non obstante veredicto. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Trespass.   Before WILLSON, J.

It appears from the record that this was an action of trespass brought by plaintiff against defendant, one of the committing magistrates of the city of Philadelphia.   The gravamen of the action, as alleged by the plaintiff, was " that the defendant, after issuing a warrant, on the application of the plaintiff, for the arrest of one Louisa DeYoung, charged with malicious mischief, wilfully and deliberately refused, at the hearing thereof before him, to hear all the testimony offered by the plaintiff, and discharged the prisoner, without the hearing of testimony which was material to the case, he at the time acting in a rude, violent and insulting manner, submitting the plaintiff to personal indignities and holding him up to contempt and ridicule in the presence of various persons who, at the time, were pres

ent.    Notice to make amends within thirty days, as required by the act of March 21, 1772, was duly served on defendant."

The court left the question of defendant's liability to the jury subject to the opinion of the court as to the plaintiff's right of action against a magistrate for the cause shown.    The jury rendered a verdict in favor of plaintiff for $1.00.

The court subsequently entered judgment for defendant non obstante veredicto.    Plaintiff appealed.

*Error assigned* was entry of judgment non obstante veredicto for defendant.

*Samuel Wakeling*, with him *Wm. W. Hanna*, for appellant.— The evidence submitted at the trial by the plaintiff proved that the plaintiff was prevented at the hearing before the defendant, while acting as the committing magistrate on the 18th of June, 1895, from outlining his case and from showing fully how he intended to prove it, by the magistrate requiring him to produce his witnesses.

The evidence submitted by the plaintiff at the trial of the cause established the proof of the proper service of notice upon the defendant at that time, a magistrate, under the Act of March 21, 1772, 1 Sm. L. 365.

*Richard P. White*, with him *B. Gordon Bromley*, for appellee.

PER CURIAM, November 14, 1898:

This was an action of trespass brought by the prosecutor in a criminal case against the committing magistrate.    The general rule both in this country and in England is, that justices of the peace while acting within the scope of their authority are not answerable in damages for the merely erroneous exercise of purely judicial functions.    There is nothing in this case to take it out of the general rule.    The gravamen of the plaintiff's complaint was that the magistrate dismissed the prosecution without permitting him to call all of his witnesses.    While there was sufficient evidence to warrant a finding that the plaintiff was not permitted to call all of his witnesses it also shows that all the facts that could have been proved by the testimony of the excluded witnesses were testified to by the wit-

nesses sworn. In effect, therefore, the cause of action was the exclusion of cumulative testimony. Whether this was right or wrong, we all agree that in the absence of proof of fraud or corruption, the fact that the manner of the magistrate was rude and his judgment mistaken, would not give the prosecutor a right of action.

The judgment is affirmed.