James Banda, Inc., Appellant, *v.* Virginia Manor Apartments, Inc.

Argued March 12, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Anthony J. Martin,* with him *Martin, Finnegan & Rossetti,* for appellant.

*C. Leon Sherman* and *Robert G. Sable,* with them *William John Chapas,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, May 4, 1973:

This appeal arises from the sustaining of appellees' preliminary objections to part of appellant's complaint in equity. The thrust of appellant's complaint alleged that appellees, Virginia Manor Apartments, Inc., Western Pennsylvania National Bank (WPNB), and Metropolitan Life Insurance Company, had improperly induced appellant to erect a 188-unit apartment complex known as Virginia Manor Apartments, with a waiver of rights under the mechanics' lien laws. Appellant sought to impose a constructive trust on funds still held by WPNB, pursuant to a loan agreement, and a constructive trust upon all improvements erected on the property. In addition, appellant sought counsel fees and punitive damages.

The chancellor sustained appellees' preliminary objections with respect to counsel fees, punitive damages and that portion of the complaint which sought to impose a trust upon the real estate. The ruling as to the real estate was without prejudice to an action in assumpsit. Appellees' preliminary objections were dismissed with respect to the cause of action against WPNB as constructive trustee of the funds held pursuant to the loan agreement.

This appeal must be quashed. As we said in *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A. 2d 776 (1953): ". . . unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. . . . The court cannot assume such appellate jurisdiction even by consent of the parties

[citing cases]. Nor is an order, judgment or decree final unless it terminates the litigation between the parties to the suit by precluding a party from further action in that court [citing cases]." At pages 317-318.

Appeal quashed. Costs to be borne by appellant.