## Safety Tire Corporation, Petitioner, *v.* Hoffman Tire Company, Inc.

Opinion Per Curiam, December 5, 1974:

We have before us a petition by Safety Tire Corporation, plaintiff below, for allowance of appeal from an order of the Superior Court affirming, per curiam, an order of the Court of Common Pleas of Philadelphia. The order of the latter court had sustained preliminary objections of the defendants in the nature of motions to strike portions of the complaint in assumpsit, based on article 2 of the Uniform Commercial Code, 12A P.S. §1-101 et seq. (1970).* The stricken portions were those which asserted a claim to consequential damages.

To be final, an order of court must terminate the litigation between the parties or effectively deprive the litigant of his day in Court. *Ventura v. Skylark Motel. Inc.,* 431 Pa. 459 (1968). In a case such as this, that has not occurred, for the petitioner must still prove the cause of action it has asserted for breach of contract, and only if he is successful in so doing will the measure

---

* The record is in confusion as to what order is being appealed from. On July 20, 1973, the trial court granted a motion by respondent, Lee Tire & Rubber Co., to strike certain portions of the complaint relative to damages, and on September 6, 1973, entered an identical order on motion of respondent, Hoffman Tire Co. The briefs in the Superior Court, however, indicate that this appeal is from a single order, dated November 19, 1973. That order, which did not refer to the two prior orders, was made on motion of respondent Hoffman Tire Co. It struck not only the paragraphs which had been stricken by the order of September 6, 1973, but also struck additional portions of the complaint. Moreover, it appears to have been entered *after* the appeal by petitioner was filed in the Superior Court.

of damages become relevant. Thus the order appealed from is interlocutory, and the appeal should have been quashed. *Hudock v. Donegal Mut. Ins. Co.*, 438 Pa. 272 (1970) ; *Ventura v. Skylark Motel, Inc., supra.*

For the reasons indicated, the petition for allocatur is granted, the order of the Superior Court is vacated and the matter is remanded to the trial court for further proceedings.