423 A.2d 4

**Mable A. RODGERS**

v.

**William N. RODGERS, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Dec. 12, 1980.

Arthur Feldman, Pittsburgh, for appellant.

Mable A. Rodgers, appellee, in pro. per.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The dispute in this case involves the appellant's failure to comply with a support order entered against him on November 7, 1977. By that order appellant, William N. Rodgers,

was required to pay sixty dollars per month for the support of his two children. In December, 1977 a "Petition for Attachment for Contempt and Rule to Show Cause" was granted the appellee, Mable Rodgers, against the appellant. The court then ordered a hearing for appellant to show cause why he should not be adjudicated in contempt. Appellant failed to appear at the hearing and it was not until over a year later, March 19, 1979, that he was brought before the court on a body attachment.

At the hearing it was shown that current arrearages totalled $990.00, appellant having made no payments under the November 7, 1977 order. Defendant testified that he had owned a grocery store which had gone bankrupt in November, 1977 and since then he had not worked. The court entered two companion orders as set forth below:

"AND NOW, to wit, this 19th day of March, 1979, defendant in the above proceeding being present in Court, and after hearing and it appearing to the Court that the support order of November 7, 1977 has never been carried out by the defendant, it is hereby

ORDERED, ADJUDGED and DECREED that WILLIAM N. RODGERS, defendant, shall report on Thursday, March 22, 1979, at 9:00 A.M. to The Salvation Army Corrections Bureau, 424 Third Avenue, Pittsburgh, Pennsylvania 15219, to perform such community service as The Salvation Army shall require and as shall be commensurate with his ability to so perform, and the defendant shall devote a minimum of sixteen (16) hours in said service each week, according to a schedule to be worked out and determined by The Salvation Army, until such time as the defendant has secured a full–time position, but in no event for a longer period than three (3) months from the date of this Order.

The lower court stated that the following Order was filed to clarify the future disposition of the case for the Court records:

AND NOW, to–wit, this 19th day of March, 1979, it is hereby directed that the above–captioned case be contin-

ued as defendant appeared on Body Attachment and after hearing, order of support suspended—defendant has not worked in two years. (Separate order made for defendant to work through Salvation Army.) Body Attachment dissolved. Rule held.

NOW, therefore, it is HEREBY ORDERED AND DIRECTED that the above—entitled case be set down for hearing on 5th day of September, 1979, at 9:00 a. m. before Judge Colbert or whosoever may be assigned, as suits the convenience of the court. . . ."

 The appellant raises several arguments challenging the lower court's authority to enter these orders. However, because these orders are interlocutory and not appealable we do not address the merits and must quash this appeal. Appellate jurisdiction is generally limited to appeals from final orders of courts of common pleas, unless a statute provides otherwise. *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974); *Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978). An order is final and thus appealable if it ends litigation, disposes of the entire case or effectively puts the litigant out of court. *T. C. R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977); *In the Interest of C. A. M.*, 264 Pa.Super. 300, 399 A.2d 786 (1979).

The reason for prohibiting appeals from interlocutory orders is to preclude piecemeal determinations and the consequent protraction of litigation. *Piltzer v. Independence Federal, supra.* This policy is well served in the instant case. The requirement that appellant perform volunteer services notwithstanding the order appealed from is actually a continuance coupled with an order directing appellant to attempt to find work prior to the entry of a final order of support. If Mr. Rodgers is dissatisfied with the final resolution of the dispute, he is free to take an appeal at that time. Therefore, notwithstanding any resulting inconvenience to the parties, whenever possible appellate review must await determination of the suit. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *Keasbey's Trust Estate*, 342 Pa. 439, 20

A.2d 281 (1941); *Miller Paper Company v. Keystone Coal and Coke Company*, 275 Pa. 40, 118 A. 565 (1922). *See also Williams v. Williams, supra*, where the appeal was quashed as interlocutory where there had been a finding of paternity but no support order had been entered by the court below.

Appellant has not filed a brief in this matter. However, because the appealability of the order goes to the appellate court's jurisdiction, we raise it *sua sponte. Jones v. Crossgates, Inc.*, 220 Pa.Super. 427, 289 A.2d 491 (1972).

Appeal is quashed and case remanded to the court below for further proceedings.