431 A.2d 1015

Mrs. Grace HESSON, Ms. Barbara Hesson, Mr. Howard Hesson, Mr. Joseph Hesson and Mr. Daniel O'Sullivan

v.

Harvey L. WEINREBE a/k/a H. Lee Weinrebe, Esquire, Appellant.

Superior Court of Pennsylvania.

Argued September 9, 1980.

Filed April 10, 1981.

Reargument Denied July 21, 1981.

Petition for Allowance of Appeal Denied Aug. 12, 1981.

Petition for Reconsideration Denied Sept. 8, 1981.

Lawrence J. Richette, Philadelphia, for appellant.

Robert A. Naragon, Doylestown, for appellees.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

In these consolidated appeals, we are asked to review orders of the court below which refused to strike and/or open a default judgment. For the reasons which follow we will quash.

On September 26, 1976, appellant Weinrebe was involved in a motor vehicle accident with appellees in Bucks County, Pennsylvania. Suit was instituted by appellees on September 28, 1978 and the sheriff's return of service reflects that service of process was affected upon appellant in Milton, Massachusetts, by certified mail. On December 7, 1978, no answer having been filed or appearance entered on behalf of appellant, judgment by default was taken. Appellant's "Motion to strike judgment and motion to quash service" followed shortly thereafter. An answer was filed and the petition denied by order of court on June 28, 1979. A motion for reconsideration was denied and appellant filed his notice of appeal to this Court on August 20, 1979 at No. 1739, October Term, 1979. Subsequently, on appellant's motion, we remanded the record to the court below "with leave to appellant to seek correction of the record to reflect the true status of service of process upon appellant." After

218

further proceedings in the lower court, appellant brought a second appeal to our Court at No. 539, Philadelphia, 1980, which was consolidated with No. 1739.

■■■■ Appellees have requested us to quash the appeals as being untimely, and we are constrained to agree. Pursuant to Pa.R.App.P. 903(a), the notice of appeal to this Court "shall be filed within 30 days after the entry of the order from which the appeal is taken." This limitation has been strictly construed by our courts, *Fingles v. Green*, 269 Pa.Super. 131, 409 A.2d 99 (1979); *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978), and we are without authority to enlarge or extend the time for filing a notice of appeal. Pa.R.App.P. 105(b); *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 419 A.2d 763 (1980); *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 419 A.2d 115 (1980).

■■■ The final order denying appellant's motion to strike the judgment was entered on June 28, 1979. Yet, an appeal therefrom was not taken until some 53 days later on August 20, 1979. The motion for reconsideration of the court's order did not toll the appeal period when no stay had been granted. *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977). Further, the refusal of a lower court to reconsider, rehear, or permit reargument of a final order is not itself reviewable on appeal. *Fingles, Rooklin*, supra. This Court is unable to entertain in the absence of fraud or its equivalent, an appeal filed after the mandated period. *Silver, Lovitz & Atkinson v. Scaltrito*, 239 Pa.Super. 253, 361 A.2d 705 (1976); *Commonwealth v. Lord*, 230 Pa.Super. 96, 326 A.2d 455 (1974).

We thus find we must quash the appeal at No. 1739 as being untimely. Likewise, the second appeal at No. 539 must be quashed since its vitality and existence spring wholly from the first appeal and can thus stand on no better footing than the first appeal. To hold otherwise would allow appellant to bootstrap his way into court despite an

invalid initial appeal. We will not countenance such a procedure.

Appeals quashed.

CAVANAUGH, J., concurs in the result.