431 A.2d 351

**NAPET, INC., a corporation**

v.

**JOHN BENKART & SONS CO., a corporation; Earl J. Benkart, John W. Benkart and Raymond E. Benkart, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed June 19, 1981.

Debra Patti, Pittsburgh, for appellants.

George Shorall, Pittsburgh, for appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

Presently before the court is appellants' appeal from the order of the lower court dated July 3, 1979, dismissing appellants' preliminary objections and amended preliminary objections.

We quash the appeal sua sponte.

The facts may be briefly summarized as follows: Appellee brought suit in equity against appellants' corporation and the individual shareholders and officers, seeking, inter alia, injunctive relief restraining appellants from selling or otherwise disposing of its assets allegedly in violation of a written agreement between appellee and the corporate appellant. Appellee contends that the written agreement grants it the right of first refusal to purchase the assets of the corporate defendant. Appellee contends that the appellants have vio-

lated this agreement by entering into an agreement to sell to a third party without affording the appellee the right of first refusal.

A preliminary hearing for the injunctive relief requested was scheduled for February 7, 1979, however, no preliminary or final injunction has ever issued.

In response to appellee's complaint in equity, the corporate appellant filed preliminary objections and subsequent thereto, appellant filed two additional sets of preliminary objections.

On February 27, 1979, appellant filed a petition for rule to show cause why all proceedings should not be stayed until the controversy could be resolved by arbitration pursuant to a provision contained in the written agreement between the corporate litigants. This is the same agreement which allegedly contains the right of first refusal. The requested rule issued on that date, returnable *sec reg sec leg*, however, same has never been dissolved or been made absolute.

On May 31, 1979, appellee filed its response to appellants' preliminary objections and on July 3, 1979, the lower court entered an order dismissing all of appellants' preliminary objections. It is from this order that the instant appeal has been taken.

Appellants raise two issues on appeal: First, that the lower court erred in dismissing its preliminary objections which included a request that the underlying controversy be submitted to arbitration pursuant to the terms of the written agreement; and second, that the lower court erred in dismissing its preliminary objections wherein the failure to join an indispensable party was raised (the third party stock transferee).

Despite the fact that the appellee has not filed a motion to quash on the basis that the July 3, 1979 order is interlocutory and hence unappealable, we are compelled to address this issue *sua sponte* and quash the appeal.

We are controlled by 42 Pa.C.S. § 742:

§ 742. Appeals from courts of common pleas

The Superior Court shall have exclusive appellate jurisdiction of all appeals from *final orders* of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court of the Commonwealth Court. (Emphasis added).

In the instant case, there can be no doubt that the appealed-from order is interlocutory. "An order is final and thus appealable if it ends litigation, disposes of the entire case or effectively puts the litigant out of court." *Rodgers v. Rodgers*, 282 Pa.Super. 480, 483, 423 A.2d 4, 5 (1980). Conversely, an order in interlocutory and not final if it does not entirely remove the litigant from court. *Alessandro v. State Farm Mutual Auto Insurance Co.*, 487 Pa. 274, 409 A.2d 347 (1979). See also *Gurnick v. Government Employees Insurance Co.*, 278 Pa.Super. 437, 420 A.2d 620 (1980).

■ It cannot be argued that the July 3, 1979 order either ends litigation, disposes of the entire case, or effectively puts the litigant out of court. On the contrary, the order refuses to certify the matter to arbitration, retains jurisdiction and, as a practical matter, *keeps* the litigants in court.

Anticipating appellants response, we must scrutinize any applicable statute to determine if the July 3rd order, despite its interlocutory nature, is of a nature which has been expressly made appealable by statute.

■ We have reviewed paragraph 18 of the agreement between the corporate parties dated October 26, 1972 which provides for arbitration of disputes. "In the event that the said Counsel are unable to reach an agreement or settlement of said dispute, then the same shall be submitted to binding arbitration by one arbitrator selected by the American Arbitration Association plus Counsel for the parties." (R. 31a).

5 P.S. § 175(b) provides:

§ 175. Appeals

(b) An appeal may be taken, as in cases of final judgments, from an order either staying or refusing to stay the trial of a suit or proceeding pending arbitration, or from an order either directing or refusing to direct the parties to proceed to arbitration.

As amended 1971, June 3, P.L. 131, No. 6, § 1 (§ 509(a)(84) ). As affected 1978, April 28, P.L. 202, No. 53, § 2(a)[1086], effective June 27, 1978.

and at first blush, appears to provide statutory authority for an interlocutory appeal in this case. However, since the October 26, 1972 agreement does not *specifically* provide that the arbitration be governed by the Arbitration Act of 1927, same is controlled by the dictates of common law arbitration. That being the case, 5 P.S. § 175(b) is inapplicable. For a case directly on point, see *P. Agnes, Inc. v. Philadelphia Police Home Association*, 439 Pa. 448, 266 A.2d 696 (1970); Cf. *J. A. Robbins Co., Inc. v. Airportels, Inc.*, 418 Pa. 257, 210 A.2d 896 (1965), and cases cited therein. In further support of the quashing of this appeal, see *Capezio & Things, Inc. v. The Wynnewood Meredith Corp.*, 455 Pa. 84, 314 A.2d 20 (1974).

Appeal quashed.