435 A.2d 1269

**Edward STENGENA and Dena Kater, Appellants,**

**v.**

**Bruce K. MADDEN and Margaret S. Madden.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1981.

Filed Oct. 16, 1981.

Joseph Mellace, Philadelphia, for appellants.

Brian P. Sullivan, Norristown, submitted a brief on behalf of appellees.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

CAVANAUGH, Judge:

The appellants in this case, Edward Stengena and Dena Kater, commenced an action in trespass in the court of Common Pleas of Montgomery County against appellees, Bruce K. Madden and Margaret S. Madden. The action was based on an automobile accident which allegedly occurred in Bay Head, Ocean County, New Jersey. Counts one and three of the complaint alleged that the appellants who were plaintiffs in the court below, sustained damages as a result of appellees' negligence. Counts two and four sought punitive damages against the appellees and alleged that the "defendant, Margaret S. Madden, through her agent or servant the defendant, Bruce K. Madden, was operating said motor vehicle in a wilful, malicious, intentional, wanton and reckless manner" and that the appellants were injured as a result of this wilful and reckless conduct.

Appellees filed preliminary objections to counts two and four in the nature of motions to strike the second and fourth counts. The court below sustained the preliminary objections to the second and fourth counts of the complaint by order dated July 8, 1980. From this order the appellants have appealed to this court.

This case is controlled by *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664 (1981). In that case it was stated at 286 Pa.Super. 248, 428 A.2d 665: "In count two of her complaint, appellant demanded punitive damages in excess of $10,000 based upon the wilful, malicious, intentional, wanton and reckless manner in which appellee Vickers allegedly operated his vehicle." In *Vickers* the lower court sustained the defendant's preliminary objections to count two of the complaint and struck that count. On appeal, this Court determined that the order was interlocutory as the action continued as to one count and therefore quashed the

appeal.[1] In the instant case the action continues as to counts one and three. The order is therefore interlocutory and not appealable. As noted in *Bagshaw v. Vickers*, 286 Pa.Super. 249, 428 A.2d 666:

Instantly, the trial court's order dismissed one count of appellant's two count complaint. It is abundantly clear that the trial court's order does not dispose of the entire case or otherwise end the litigation. Appellant is not "out of court" since she may still pursue her claim for damages in excess of $10,000 contained in the first count of her complaint. The trial court's order, therefore, is interlocutory. *See, e. g., Gurnick v. Government Employees Insurance Company*, 278 Pa.Super. 431, 435 n.2, 420 A.2d 620, 621 n.2 (1980). *See Giannini v. Foy, supra; Wilcox v. Evans*, 190 Pa.Super. 166, 153 A.2d 817 (1959). Since the appeal thereof is not rendered appealable by statute, the appeal is not properly before us.

The appeal from the order of the Court of Common Pleas is quashed as interlocutory.

1. In neither *Bagshaw v. Vickers, supra*, nor the instant case did any party challenge the jurisdiction of this court to resolve the controversy. However, in *Bagshaw* this Court addressed the issue of the appealability of the trial court's order *sua sponte*, and we do the same.