437 A.2d 1008

**Michael LITT and Howard Snitow, Esquire, Co-Executors of the Last Will and Testament of Arlene Litt, Deceased, and Michael Litt, in his own right**

**v.**

**ROLLING HILL HOSPITAL (R. H. Medical Services, Inc.), Appellant and M. H. Alexander, M. D.**

**Appeal of ROLLING HILL HOSPITAL (R. H. Medical Services, Inc.).**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Nov. 30, 1981.

John J. O'Brien, Jr., Philadelphia, for appellant.

Barton A. Haines, Philadelphia, for Litt, appellees.

Stephen A. Ryan, Philadelphia, did not file a brief for Alexander, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from three judgments aggregating $2,050,000 entered upon praecipe following jury verdicts. Because the court below did not dispose of appellant's post-trial motions, we do not address the merits of appellant's contentions and, instead, quash the appeal.

■ On September 29, 1977, appellees filed an amended complaint against appellant Rolling Hill Hospital (Hospital) and a physician. During trial, appellees elicited evidence that Hospital was a wholly-owned subsidiary of R. H. Medical Services, Inc. (Services), and thereupon they moved to amend their complaint to add Services as an additional defendant. The lower court allowed the amendment over Hospital's objection. On February 8, 1980, the jury returned substantial verdicts for appellees against both Hospital and Services. Three days later, Hospital filed post-trial motions asserting, *inter alia*, that the lower court erred in permitting appellees to amend their complaint to add Services as a defendant after the statute of limitations had expired. However, Services filed no post-trial motions within the ten-day period allowed under Pa.R.Civ.P. 227.1.[1] On March

---

1. Normally, such a failure would effectively preclude appellate review of any issue which could be raised by Services. *Gibson v. Miller*, 265 Pa. Superior Ct. 597, 602, 404 A.2d 1033, 1036 (1979) (each party is required to file its own exceptions). However, it is

7, 1980, appellees filed a praecipe for judgment against Services pursuant to Pa.R.Civ.P. 1039(1) on the ground that it had filed no post-trial motions. That day, the prothonotary duly entered judgments against Services. Although its post-trial motions had not yet been decided, Hospital took this appeal on March 25, 1980. Subsequently, Hospital filed various other motions in the court below. All of Hospital's motions remain unresolved.

Rule 1701(a) of the Rules of Appellate Procedure provides, in pertinent part, that "after an appeal is taken ... the lower court ... may no longer proceed further in the matter." The lower court relied upon that rule in declining to act upon Hospital's assorted motions, including its post-trial motions. We agree with the court below that the present appeal is premature and must be remanded for disposition of Hospital's motions. It is beyond peradventure that an appeal following a jury verdict is premature and must be quashed if taken before the lower court has disposed of post-trial motions. *Cf. Slotsky v. Gellar*, 455 Pa. 148, 150, 314 A.2d 495, 496 (1974) (appeal following nonjury trial premature when taken before court en banc decided exceptions). *See Murray v. Abcon, Inc.*, 291 Pa. Superior Ct. 428, 435 A.2d 1301 (1981); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa. Superior Ct. 402, 435 A.2d 1288 (1981) (Pa.R.A.P. 301 and Rules of Civil Procedure intermesh to provide essentially uniform procedural prerequisites for appeals in civil matters). Because the filing of the notice of appeal deprived the court below of the opportunity to rule upon Hospital's post-trial

well settled that the court may, in its discretion, grant a new trial in the interests of justice to all defendants, even if only one of them has moved for that relief. *Bergen v. Lit Brothers*, 354 Pa. 535, 537–38, 47 A.2d 671, 673 (1946) (when corporate defendant moved for new trial, lower court could also grant a new trial *sua sponte* to individual defendants who had not filed any post-trial motions). *See also Ferruzza v. Pittsburgh*, 394 Pa. 70, 84, 145 A.2d 706, 712 (1958); *Sames v. Wehr*, 373 Pa. 282, 283–84, 95 A.2d 654, 655 (1953); *Lorenz v. Caste Development Co.*, 368 Pa. 131, 138, 81 A.2d 887, 890 (1951); *Thomas v. DeSabato*, 168 Pa. Superior Ct. 586, 589, 80 A.2d 862, 863 (1951); *Steckel v. Strickland*, 50 Pa.D. & C.2d 784, 786–89 (C.P. Monroe County 1971).

motions and because such disposition is a prerequisite to an appeal we must quash this appeal.[2]

Appeal quashed.

PRICE, J., did not participate in the consideration or decision of this case.

**2.** Rule 1701(c) of the Rules of Appellate Procedure does not affect this appeal. The rule states:
> Limited to matters in dispute. Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, ... the appeal ... shall operate to prevent the lower court .... from proceeding further with only such item, claim or assessment, unless otherwise ordered ... as necessary to preserve the rights of the appellant.

The purpose of that provision was to prevent a pending appeal from affecting "separate disputes between other parties or involving separate subject matter." Pennsylvania Bar Institute, Pennsylvania Appellate Practice under the Rules of Appellate Procedure (Pub. No. 1980–130) at 18. *See also Commonwealth v. Baldwin,* 282 Pa. Superior Ct. 82, 87, 422 A.2d 838, 841 (1980) (Pa.R.A.P. 1701(c) does not foreclose Superior Court review of wire-tap issue pending Supreme Court review of nighttime search issue); *Commonwealth v. Mazzocone,* 8 Pa.D. & C.3d 309, 312 (C.P. Chester County 1978) (support order separable from issue of arrearages such that former may be modified while latter is pending appeal to Superior Court). On the present record, we cannot discern whether the matter appealed indeed involves separate parties and separate issues than those presented in Hospital's post-trial motions.