446 A.2d 1342

**Ruth Grace S. WEST**

v.

**Sidney WEST, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 22, 1982.

Filed June 18, 1982.

Carolyn E. Temin, Philadelphia, for appellant.

William D. Parry, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from an "INTERIM ORDER" compelling appellant to pay appellee $180 "per week for support and maintenance . . . until further ORDER." Appellant contends that the order is final and appealable. *See, e.g., Paul v. Paul*, 281 Pa.Superior Ct. 202, 209, 421 A.2d 1219, 1223 (1980). Appellee contends, however, and we agree, that the order is not final and that the appeal is interlocutory and must be quashed.

"The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975). If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977).

*Toll v. Toll*, 293 Pa.Superior Ct. 549, 555, 439 A.2d 712, 715 (1981). The order appears final insofar as it compels appellant to pay support, but it also "invite[s] him back into court," *Conaway v. 20th Century Corp.*, 491 Pa. 189, 196, 420 A.2d 405, 409 (1980) (order dismissing complaint "in accordance with . . . opinion" that invited reconsideration was not final), for the "completion of testimony." The order was captioned "INTERIM ORDER," and, although that label alone does not justify a conclusion that the order is not final, there are ample indications in the record that both attorneys and the court contemplated further proceedings before entering a final support order. *See* N.T. August 18, 1981 at 93–101, R.29b–37b (counsel indicating desire to call additional witnesses; discussing propriety of "Interim Order" with court). Moreover, the lower court's opinion articulates its motivation for entering the subject order:

Our decision to enter the order appealed from was predicated upon an evaluation of the testimony received at the June 10th hearing and the fact that nearly a year had passed since the petition was filed without final disposition of the matter. ... Our award was entered in an effort to afford temporary relief while reserving the right to later abrogate it, in the event that the [appellant] proved the award to be unjustified. It is our belief that in the event that an interim order of the kind is proved to have been erroneously entered, [appellant] could seek a credit for those sums paid when the equitable distribution claim was heard.

. . . .

It is apparent that the "Interim Order" [was] entered without prejudice to the party's [*sic*] right to continue litigating the issue at the next hearing[.]

Although the lower court's order could have been more explicit, we are satisfied that the practical effect of the order was not to preclude appellant from presenting the merits of his claim to the court. Consequently, because we conclude that the order was not final, we must quash the appeal as interlocutory.

Appeal quashed.