459 A.2d 1255

**Bruce PRAISNER, an individual, Appellant,**

v.

**Olive S. STOCKER, an individual, and Mike Fastuca, an individual.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1983.

Filed April 22, 1983.

Petition for Allowance of Appeal Denied Sept. 9, 1983.

Cavanaugh, J., concurred and filed statement in which Popovich and Hoffman, JJ., joined.

334

Mark W. Morava, Philadelphia, for appellant.

Howland W. Abramson, Philadelphia, for appellees.

Before CERCONE, P.J., and CAVANAUGH, WIEAND, CIRILLO, POPOVICH, MONTGOMERY and HOFFMAN, JJ.

WIEAND, Judge:

Does the rule of immunity from liability for judicial acts extend to district justices? This is the principal issue raised by the appeal in the instant case. Before reaching that issue, however, we must first determine whether this Court has jurisdiction to hear the appeal. Our jurisdiction depends upon the appealability of an order entering summary judgments on two counts of a three count complaint where the three counts contained separate causes of action joined in the same complaint pursuant to Pa.R.C.P. 1044(a).

After a criminal complaint charging Bruce Praisner with issuing bad checks had been dismissed, Praisner filed a complaint in trespass against the district justice, Olive S. Stocker, alleging, in three counts, causes of action for false arrest, malicious abuse of process and assault and battery. After the pleadings were closed, Stocker filed a motion for judgment on the pleadings on the grounds that a district justice is immune from liability for acts performed in his or her capacity as a judicial officer. The trial court, following argument, entered summary judgments in favor of Stocker on the counts alleging causes of action for false arrest and malicious abuse of process. From this order, Praisner appealed. The remaining count alleging a cause of action for assault and battery was ordered down for compulsory arbitration and resulted in an award in favor of Praisner for Ten ($10) Dollars. No appeal was filed from that award, and the time therefor has now expired.

It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. A final order is usually one which ends the litigation or, alternatively, disposes of the entire case. *Pugar v. Greco*, 483 Pa. 68, 72–73, 394 A.2d 542, 544 (1978); *Bracken v. Bracken*, 294 Pa.Super. 371, 373, 439 A.2d 1247, 1247–1248 (1982); *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 353, 430 A.2d 321, 322 (1981); *Hall v. Lee*, 285 Pa.Super. 542, 544, 428 A.2d 178, 179 (1981); *Malenfant v. Ruland*, 274 Pa.Super. 506, 509, 418 A.2d 521, 522 (1980). "Conversely, an order is interlocutory and not final unless it effectively puts

the litigant 'out of court'." *Giannini v. Foy,* 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980), citing *Allessandro v. State Farm Mutual Auto. Ins. Co.,* 487 Pa. 274, 409 A.2d 347 (1979). Accord: *Safety Tire Corp. v. Hoffman Tire Company, Inc.,* 458 Pa. 102, 103, 329 A.2d 834, 835 (1974); *James Banda, Inc. v. Virginia Manor Apartments, Inc.,* 451 Pa. 408, 410, 303 A.2d 925, 926 (1973); *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 318, 95 A.2d 776, 776 (1953); *Jackson v. Moultrie,* 288 Pa.Super. 252, 255, 431 A.2d 1033, 1034–1035 (1981); *Schaefer v. American States Insurance Co.,* 272 Pa.Super. 67, 69, 414 A.2d 672, 673 (1979).

"In ascertaining what is a final appealable order ... we must look beyond the technical effect of the adjudication to its practical ramifications." *Jackson v. Moultrie, supra* 288 Pa.Super. at 255, 431 A.2d at 1034–1035. Accord: *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.,* 482 Pa. 615, 618, 394 A.2d 491, 493 (1978); *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977); *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975); *Husted v. Board of Directors of Wellsboro Area School District,* 57 Pa. Cmwlth. 520, 524, 427 A.2d 272, 274 (1981); *Giannini v. Foy, supra* 279 Pa.Super. at 556, 421 A.2d at 339; *Schaefer v. American States Insurance Co., supra* 272 Pa.Super. at 70, 414 A.2d at 673. "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Pugar v. Greco, supra* 483 Pa. at 73, 394 A.2d at 545, quoting *Bell v. Beneficial Consumer Discount Co., supra* 465 Pa. at 228, 348 A.2d at 735. Accord: *Pennsylvania Turnpike Commission v. Atlantic Richfield Co., supra* 482 Pa. at 618, 394 A.2d at 493; *West v. West,* 301 Pa.Super. 75, 76, 446 A.2d 1342, 1342 (1982); *Gordon v. Gordon,* 293 Pa.Super. 491, 498, 439 A.2d 683, 686 (1981).

■ As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Gordon v. Gordon, supra,* 293 Pa.Superior at 499, 439 A.2d at 686–687 (1981); *Stengena v. Madden,*

291 Pa.Super. 364, 366, 435 A.2d 1269, 1270 (1981); *Mitchell v. Center City Cadillac, supra* 287 Pa.Super. at 353, 430 A.2d at 322; *Bagshaw v. Vickers,* 286 Pa.Super. 246, 249, 428 A.2d 664, 666 (1981); *Giannini v. Foy, supra* 279 Pa.Super. at 556, 421 A.2d at 339. An examination of the cases so holding discloses that the basis upon which this general rule is founded is that in most instances when one count of a multi-count complaint has been dismissed, the plaintiff is not out of court and is not precluded from presenting the merits of his cause of action. In these cases the courts have adhered to a policy which seeks to avoid piecemeal litigation. Following the general rule, this Court has also held that an appeal will not lie from an order granting partial summary judgment. See: *Swift v. Milner,* 296 Pa.Super. 463, 467, 442 A.2d 1144, 1146 (1982); *Rohr v. Keystone Insurance Co.,* 294 Pa.Super. 179, 182, 439 A.2d 809, 811 (1982); *Ruminant Nitrogen Products Co. v. J & M Machinery Co., Inc.,* 294 Pa.Super. 144, 439 A.2d 791 (1982); *Inselberg v. Employers Mutual Companies,* 291 Pa.Super. 406, 435 A.2d 1290 (1981); *Schaefer v. American States Insurance Co., supra.*

However, the general rule is not without exceptions. Certain orders which have not put a litigant literally "out of court" or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable immediately because the effect of the order has been to preclude the litigant from asserting the cause of action alleged. *Hudock v. Donegal Mutual Insurance Co.,* 438 Pa. 272, 276, 264 A.2d 668, 671 (1970). Thus, the following have been held appealable: (1) an order denying class status (*Klemow v. Time Incorporated,* 466 Pa. 189, 194 n. 5, 352 A.2d 12, 14 n. 5 (1976), *cert. denied,* 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976); *Bell v. Beneficial Consumer Discount Co., supra; Lee v. Child Care Service Delaware County Institution District,* 461 Pa. 641, 645 n. 1, 337 A.2d 586, 588 n. 1 (1975)); (2) an order dismissing a third party complaint (*Brandywine Area Joint School Authority v. VanCor, Inc.,* 426 Pa. 448, 451, 233 A.2d 240, 241

(1967); *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); *Harker v. Farmers Trust Company*, 248 Pa.Super. 427, 375 A.2d 171 (1977)); (3) an order dismissing new matter in defendant's answer (*Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 23–24, 218 A.2d 350, 351 (1966); *Pellegrine v. Home Insurance Company*, 200 Pa.Super. 48, 51–52, 186 A.2d 662, 663 (1962); *Higgs v. New York Fire Insurance Company*, 176 Pa.Super. 310, 311, 106 A.2d 860, 861 (1954)); and (4) an order dismissing a defendant's counterclaim (*Broido v. Kinneman*, 375 Pa. 568, 569–570, 101 A.2d 647, 648 (1954); *Riling v. Idell*, 291 Pa. 472, 476, 140 A. 270, 272 (1928); *Olivieri v. Olivieri*, 242 Pa.Super. 457, 462 n. 3, 364 A.2d 361, 363 n. 3 (1976)).

■ In the case sub judice, appellant joined three separate causes of action in one complaint. This he was permitted to do by Pa.R.C.P. 1044(a), which permits, but does not require, the joinder of causes of action in trespass which arise out of the same transaction or occurrence or series of transactions or occurrences. The trial court's entry of summary judgments against appellant on the counts alleging false arrest and malicious abuse of process effectively precluded him from pursuing further the merits of these separate and distinct causes of action. As such, the judgments entered against him were final, not interlocutory. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co., supra.* The finality of the judgments entered against him on these causes of action was not impaired by the fact that there remained undetermined a separate action for assault and battery.

The appealability of the summary judgments entered in this case becomes readily apparent if we understand the basis upon which separate causes of action may be joined in the same complaint. Pa.R.C.P. 1044(a) permits, but does not require, the joinder of causes of action which arise out

of the same transaction or occurrence or series of transactions or occurrences.[1] If appellant had not joined his three causes of action in one complaint but had used three separate complaints, as he might have done, there could be no doubt about the appealability of judgments entered against him on two of the three causes of action. Should appealability be determined by the form of the pleading or pleadings by which a litigant chooses to state his three, separate causes of action? We think not!

■ The practical ramifications of the order entered by the trial court also demonstrate the finality of that order. Indeed, in this case the finality of the court's order stands forth in clarity which only the occurrence of subsequent events can produce. The trial court recognized that the summary judgments entered on two counts involved causes of action separate and distinct from the count averring assault and battery. Therefore, as permitted by Pa.R.A.P. 1701(c),[2] the separate action for assault and battery was set down for compulsory arbitration. After it had been heard by a board of arbitrators an award was entered in favor of appellant and against appellee for Ten ($10) Dollars. No appeal therefrom was filed by either party; and that action has now been finally determined. It seems clear, therefore, that the judgment in the action for assault and battery should not be required to support an appeal by appellant from prior judgments on separate and distinct causes of action for false arrest and malicious abuse of process. On the contrary, these actions were determined finally when

1. Pa.R.C.P. 1020(a), which pertains to assumpsit, permits joinder in the same complaint of an indefinite number of causes of action which arise from contract or are quasi-contractual.

2. This rule "prevent[s] a pending appeal from affecting 'separate disputes between other parties or involving separate subject matter.'" *Litt v. Rolling Hill Hospital,* 293 Pa.Super. 97, 100 n. 2, 437 A.2d 1008, 1010 n. 2 (1981), quoting Pennsylvania Bar Institute, Pennsylvania Practice under the Rules of Appellate Procedure (Pub. No. 1980–130) at 18.

summary judgments were entered thereon; and from such judgments the appeal must lie.[3]

 Where separate and distinct causes of action have been joined under permissive joinder standards of Pa.R.C.P. 1020(a) or Pa.R.C.P. 1044(a), the appealability of a judgment entered on one or more but not all counts must be distinguished from the situation in which separate counts have been used to state alternate theories for recovery on the same cause of action. In the former situation the summary judgment has terminated litigation upon a separate and distinct cause of action. In the latter, an order dismissing or entering judgment on one or more but not all counts of a complaint is interlocutory, for the plaintiff can, nevertheless, proceed to a determination on the underlying cause of action. See: *J.A. & W.A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 470–471, 350 A.2d 858, 861–862 (1976). Thus, the dismissal of a count alleging damages for breach of an express contract is not appealable if an alternate count seeking to recover the same damages based on quantum meruit remains undecided. *J.A. & W.A. Hess, Inc. v. Hazle Township, supra.* Similarly, there is no final order where a count averring negligence has been dismissed but there remains undetermined a count alleging liability for a defective product under Section 402A of the Restatement (Second) of Torts. For similar reasons, where one of several counts seeks to recover punitive damages in a complaint alleging breach of contract, a dismissal of that count does not put the plaintiff out of court on his underlying cause of action. Only if he is successful in his cause of action for breach of contract does the measure of damages become relevant. See: *Safety Tire Corp. v. Hoffman Tire Compa-*

3. If an appeal had been delayed until after final determination of the assault and battery action, it would have been untimely. It is axiomatic that an appeal must be filed within thirty days from entry of the order or judgment from which the appeal is taken. *Commonwealth v. Jones*, 308 Pa.Super. 41, 453 A.2d 1058 (1982); *Boden v. Tompkins*, 306 Pa.Super. 494, 452 A.2d 833 (1982); *Erie Human Relations Commission ex rel. Dunson v. Erie Insurance Exchange*, 304 Pa.Super. 172, 176, 450 A.2d 157, 158 (1982); *Commonwealth v. Riebow*, 299 Pa.Super. 458, 459, 445 A.2d 1219, 1220 (1982); *Hesson v. Weinrebe*, 288 Pa.Super. 216, 218, 431 A.2d 1015, 1016 (1981); Pa.R.A.P. 903(a).

*ny, Inc., supra* 458 Pa. at 103–104, 329 A.2d at 835; *Brandon v. State Farm Insurance,* 284 Pa.Super. 399, 425 A.2d 1163 (1981); *Gurnick v. Government Employees Insurance Co.,* 278 Pa.Super. 437, 439 n. 2, 420 A.2d 620, 621 n. 2 (1980). The same result obtains where a separate count seeking punitive damages in a trespass action has been dismissed. See: *Stengena v. Madden, supra* 291 Pa.Super. at 366, 435 A.2d at 1270; *Mitchell v. Center City Cadillac, supra* 287 Pa.Super. at 353, 430 A.2d at 322; *Bagshaw v. Vickers, supra* 286 Pa.Super. at 249, 428 A.2d at 666; *Giannini v. Foy, supra.* In cases such as these the plaintiff is not out of court when one of several counts has been dismissed, and it is procedurally preferable to delay appellate review until the entire action has been determined.

The test announced by the Supreme Court of the United States in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and followed by the Supreme Court of Pennsylvania in *Bell v. Beneficial Consumer Discount Company, supra,* and *Pugar v. Greco, supra,* has no application where an appeal has been taken from judgment entered on a separate cause of action. That rule, which contains a three part test for determining appealability, has applicability only to orders which are collateral to the main cause of action. In *Cohen,* the issue was the appealability of an order, collateral to a stockholders' derivative action, which denied a petition to require the plaintiff to post security to cover defendant's expenses and counsel fees if plaintiff's action proved unsuccessful. The Supreme Court held the order appealable because the claim adjudicated was "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* 337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed.2d at 1536. In *Bell v. Beneficial Consumer Discount Company, supra,* the Supreme Court of Pennsylvania applied the *Cohen* test in holding appealable an order denying class action status although the underlying cause

of action had not been decided. Such orders, the Court said, "possess sufficiently practical aspects of finality to make them appealable." *Id.* 465 Pa. at 229, 348 A.2d at 736. Similarly, in *Pugar v. Greco, supra,* the Court applied the *Cohen* test to quash an appeal from an order denying a request to be allowed to appeal from arbitration without payment of the arbitrators' fees and court costs. The order was "indeed, collateral to the basic liability question, and it [did] involve a right too important to be denied review. The order [did] not, however, adversely affect a claimed right which [would] be irreparably lost if review [were] postponed." *Id.* 483 Pa. at 74, 394 A.2d at 545.

These decisions make it clear that the *Cohen* test is applicable only to determine the appealability of an order which is collateral to the main action. In the instant case we are not concerned with an order that is collateral to a main action. Rather, we are faced with an order which has entered summary judgments on two entirely separate and independent actions which, for purposes of efficiency and convenience, were joined in the same complaint with a third, separate action as permitted by Pa.R.C.P. 1044(a). The order entering the summary judgments was, as we have attempted to illustrate, a final and appealable determination of separate actions for false arrest and malicious abuse of process.

 We hold, therefore, that where, as here, a final judgment has been entered on a separate cause of action, that judgment is appealable.[4] Neither the finality nor ap-

---

4. The appealability of an order or judgment must be determined as of the time the appeal therefrom is filed. If the order appealed from is interlocutory, the appeal may be quashed immediately upon motion. See: Pa.R.A.P.1972. In such cases, the lack of jurisdiction to entertain an appeal from the interlocutory order cannot be corrected by subsequent events in the same action. How then can our jurisdiction to entertain an appeal taken from an order or judgment on one cause of action be affected by subsequent proceedings on a separate cause of action? The answer is that it cannot. Thus, in this case, it was the appeal from the final judgments on causes of action for false arrest and malicious abuse of process and not subsequent proceedings on the action for assault and battery which vested jurisdiction in this

pealability of such a judgment is destroyed merely because the cause of action on which the judgment was entered was one of several causes of action which had been joined in the same complaint pursuant to Pa.R.C.P. 1044(a). See: *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, *supra.* Decisions of this Court which have reached a contrary result are overruled.

■ The substantive aspects of the instant case are fairly clear. Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), *rehearing denied*, 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978). " 'A judicial officer is not liable for acts done in his judicial capacity where there is not a clear absence of all jurisdiction over the subject-matter and person, even though such acts constitute an excessive exercise of jurisdiction or involve a decision that the official had jurisdiction over the *particular* case, where in fact he had none...... The principle involved is that all judicial officers are protected by their official character from liability in tort, because of public conduct clearly within the pale of their authority, although involving demonstrable legal error.' " *Commonwealth v. Cauffiel*, 79 Pa.Super. 596, 600 (1922), quoting 25 Corpus Juris, 515 (emphasis supplied).

■ Judicial immunity extends to all judicial officers, including district justices. "If a judge of an inferior jurisdiction has the power under authority of law to hear and pass on cases, to which the particular offense belongs, the same reason requires that he should be protected from liability for erroneous action, which exempts judges of superior or general jurisdiction from such liability. If judges properly expected to be most learned in the law can plead official exemption for their blunderings in the law, a fortiori those from whom less is to be expected should not be compelled to respond in damages for their mistakes

Court to review the determination of the false imprisonment and malicious abuse of process actions.

honestly made." *McNair's Petition*, 324 Pa. 48, 55–56, 187 A. 498, 502 (1936), quoting *Commonwealth v. Cauffiel*, *supra*, 79 Pa.Superior at 600–601. Accord: *Petition of Dwyer*, 486 Pa. 585, 590–591, 406 A.2d 1355, 1358 (1979); *Hanna v. Slevin*, 8 Pa.Super. 509, 510 (1898).

■■■■ Judicial immunity insures "the *independence* of the magistrates so that they may be free to exercise their discretion and apply their understanding of the law, whether correct or erroneous, to the facts and circumstances presented to them...." *Petition of Dwyer, supra* 486 Pa. at 591, 406 A.2d at 1358 (emphasis in original). Thus, there can be no cause of action and no recovery of damages against a district justice who accepts and processes a criminal complaint even though a careful examination of the evidence may have revealed, as appellant contends, that there was no probable cause for the criminal charges against him. See: *Huendling v. Jensen*, 168 N.W.2d 745 (Iowa, 1969). Similarly, there can be no recovery of damages in a civil action against a district justice who temporarily detains in his or her office or courtroom a person against whom a criminal complaint has been filed. See and compare: *Burgess v. Towne*, 13 Wash.App. 954, 538 P.2d 559 (1975).

■■■■ The order entering summary judgments on causes of action for false arrest and malicious abuse of process is affirmed.

CAVANAUGH, J., files a concurring statement in which POPOVICH and HOFFMAN, JJ., join.

CAVANAUGH, Judge, concurring:

I agree with the majority's thoughtful analysis of the law concerning appeals in multi-count complaints but I feel that it is unnecessary and improper to decide, under the facts of this case, the issue of whether an order entering summary judgment on one or more but not all counts of a multi-count complaint in which several causes of action have been joined pursuant to Pa.R.C.P. 1044(a) is always appealable. "An

order is final and thus appealable if it ends litigation, disposes of the entire case or effectively puts the litigant out of court." *Rogers v. Rogers,* 282 Pa.Super. 480, 483, 423 A.2d 4, 5 (1980) (citing cases). As the majority notes, the cause of action for assault and battery in the instant case has been finally determined and the only counts remaining are those on which summary judgment was entered. It is clear that appellant is now "out of court" entirely, and thus the order entering summary judgment is, in this case, a final, appealable order.

I agree with the majority's disposition of the merits of the instant appeal and therefore I, too, would affirm the order of the lower court.

POPOVICH and HOFFMAN, JJ., join this concurring statement.