418 A.2d 521

**Pierre J. MALENFANT and Joan Malenfant, his wife,**

**v.**

**Carl F. RULAND and James F. Blanchard, Ind. t/a James F. Blanchard Real Estate and Aleda Exterminating Co. and John T. Kitchenman, Ind. t/a Aleda Exterminating Co.**

**Appeal of James F. BLANCHARD, Ind. t/a James F. Blanchard Real Estate.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 18, 1980.

Harold S. Patton, Levittown, for appellant.

No appearance entered nor briefs submitted for appellees.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in refusing to order transcription of the trial testimony at the cost of the county, or, in the alternative, in failing to waive the local requirement that such a transcript be filed prior to deciding appellant's post-trial motions. Because we conclude that this appeal is interlocutory and therefore must be quashed, we do not reach the merits of appellant's contentions.

Appellant suffered an adverse jury verdict in an action in assumpsit and trespass which plaintiff brought against him and several other defendants.[1] After the verdict was returned, appellant timely filed motions for judgment N.O.V. and in arrest of judgment. Appellant requested in these motions that the trial judge order transcription of the trial testimony at the cost of the county. When the trial judge refused to issue such an order, appellant moved for a review

---

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. None of the other parties to this case is involved in this appeal; appellant is the only party who has filed a brief herein.

of the trial judge's refusal by a court en banc, pursuant to Bucks County Rule of Civil Procedure 252(c).[2] Appellant additionally requested the court en banc to waive the requirement of a trial transcript for consideration of post-trial motions, pursuant to Bucks County Rule of Civil Procedure 252(b).[3] On November 2, 1978, the court en banc denied appellant's requests. In the opinion in support of its order, the court en banc noted that appellant had not presented any evidence, either through affidavit, deposition, or otherwise, concerning his ability to bear the costs of transcript preparation. Moreover, the court noted, appellant at no time alleged indigency. To the contrary, the fact that appellant had already purchased many pages of transcribed deposition testimony, plus his status as an "apparently successful business person [ ] in Bucks County," suggested appellant's ability to pay the costs of transcript preparation. (Opinion of the court en banc at 2.) From the order of the court en banc refusing the requested relief, appellant has taken this appeal.

Although none of the parties to this appeal has raised the matter, we must consider whether the order of the lower court refusing to impose transcript preparation costs on the

**2.** Rule 252(c) provides:

The official court reporter shall transcribe and file the stenographic transcript of the trial and furnish copies thereof to the parties at the cost of the county only when ordered to do so specially in each particular case by the trial judge, either by direction dictated upon the stenographic record of the trial, by endorsement on the filed motion aforesaid or by separate written order. If the trial judge shall refuse to enter such order upon request, any party aggrieved thereby may request the President Judge to designate two other judges of this Court to constitute, with the trial judge, a court en banc for the limited purpose of review of such refusal. The decision of a majority of the judges constituting such court en banc shall be final on the question.

**3.** Rule 252(b) provides:

No motion for new trial, for judgment n. o. v., to take off a nonsuit or in arrest of judgment, shall be submitted to or argued before a court en banc in the absence of a filed stenographic transcript, unless otherwise required by statute or rule of court, or unless a majority of such court en banc shall waive the same.

county and refusing to waive the transcript requirement is interlocutory and nonappealable.[4]

It is, of course, well settled that an appeal will lie only from a final order unless otherwise permitted by statute. A final order is one which usually ends the litigation, or alternatively, disposes of the entire case. In determining what constitutes a final order we have followed the approach of *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in that we look to "a practical rather than technical construction" of an order. In *Cohen*, the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen*, an order is considered final and appealable if (1) it is separate from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citations and footnote omitted). Applying this test, the Court in *Pugar v. Greco, supra*, held that a lower court's order denying appellants permission to appeal an adverse arbitration award without first paying the costs of arbitration was interlocutory and nonappealable. The Court agreed with appellants that the order of the lower court was collateral to the main cause of action and that the right involved was too important to be denied review. But the Court concluded that the lower court's order did not "adversely affect a claimed right which [would] be irreparably lost if review [were] postponed." *Id.*, 483 Pa. at 74, 394 A.2d at 545. The Court noted that the appellants could pay the

4. At the time this appeal was taken, this Court's jurisdiction over interlocutory appeals was governed by the following statutes and rules, none of which authorizes the present appeal: 42 Pa.C.S.A. § 5105(c); 42 Pa.C.S.A. § 702(a); former Pa.R.A.P. 311 (amended November 30, 1978) and Note following the rule (interlocutory appeals as of right) and 42 Pa.C.S.A. § 702(b); Pa.R.A.P. 312 (interlocutory appeals by permission.)

required costs and fees and pursue trial de novo of the arbitration decision in the lower court without losing their right to question the validity of the payment requirement on a subsequent appeal or in a collateral action. The Court stated that

> [w]hile either method may be more cumbersome for [appellants] than it would be if this court were to reach and decide the merits on this present appeal, each alternative would comport with our policy of discouraging a multiplicity of appeals in a single case, or, as it has sometimes been put, the policy of precluding "piecemeal determinations and the consequent protraction of litigation." *McGee v. Singley*, 382 Pa. 18, 22, 114 A.2d 141, 143 (1955); *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A.2d 854, 855 (1954).

*Id.*, 483 Pa. at 74–75, 394 A.2d at 545. Moreover, in reaching its decision that the appeal was interlocutory, the Court in *Pugar* noted that the "appellants' claim is based upon their unwillingness to pay costs and fees, and not upon their inability to pay them." *Id.*, 483 Pa. at 75, 394 A.2d at 546.

We hold that *Pugar, supra,* controls the present case. It is evident that the order appealed from was collateral to the main cause of action, and we may assume, without deciding, that the right involved is too important to be denied review. But postponement of review is no more likely to adversely affect the right claimed herein than it was in *Pugar.* Appellant may proceed to pay for transcript preparation and have his post-trial motions decided pursuant to local rule. After such decision, appellant may raise the failure of the lower court to grant him relief from the expense of transcript preparation, as well as any other assignments of error, on appeal to this Court. "Alternatively, [appellant] might choose to proceed by a collateral action." *Id.*, 483 Pa. at 74, 394 A.2d at 545. Either way, appellant may obtain the review he seeks within the orderly course of the present litigation, and "piecemeal determinations" will be avoided.

Appeal quashed.