579 A.2d 976

**Deborah MORRISON**

v.

**Raymond MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 29, 1990.

Filed Sept. 12, 1990.

Samuel A. Litzenberger, Quakertown, for appellant.

John B. Kalinkos, Asst. Dist. Atty., Quakertown, for appellee.

Before OLSZEWSKI, CERCONE and BROSKY, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County, Domestic Relations section, denying appellant Raymond Miller's motion to proceed *in forma pauperis*. We reverse and remand for proceedings consistent with this opinion.

Our review of the record reveals the following facts. On September 14, 1989, a jury rendered a verdict against appellant with regard to the issue of paternity. Subsequently, appellant filed a motion for post-trial relief on September 20, 1989. On November 1, 1989, appellant filed a motion to be excused from paying the costs of the trial transcript. This motion, however, was denied by the lower court on the same date.

In its opinion, the lower court found that appellant was financially capable of paying the trial transcript costs. The court specifically rejected appellant's argument based upon its interpretation of his IFP Verified Statement.[1] According to the lower court, appellant's IFP Verified Statement documented his gross monthly income of $1,630.00.[2] Moreover, the lower court declared that appellant's appeal was interlocutory.

[1]. Appellant filed an IFP Verified Statement in accordance with Pa.R. A.P., Rule 552(b), 42 Pa.C.S.A.

[2]. We note here, however, that the lower court failed to recognize appellant's documentation of his indebtedness pursuant to his IFP Statement. This documentation illustrated appellant's dire financial situation.

■ Prior to addressing the merits of appellant's contention, we must determine whether the relevant order is interlocutory and non-appealable. As our Pennsylvania Supreme Court declared:

It is, of course, well settled that an appeal will lie only from a final order unless otherwise permitted by statute. A final order is one which usually ends the litigation, or alternatively, disposes of the entire case. In determining what constitutes a final order we have followed the approach of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in that we look to "practical rather than technical construction" of an order. In *Cohen,* the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen,* an order is considered final and appealable if (1) it is separate from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citations and footnote omitted). For the reasons outlined below, we find the pertinent order final.

The instant case does not present the first time this Court has been called upon to determine the status of an appeal from an order denying an appellant's request to forego the expense of procuring trial transcripts. In *Malenfant v. Ruland,* 274 Pa.Super. 506, 418 A.2d 521 (1980), we analyzed a factual and procedural puzzle similar to the one presented in this case by utilizing the three-prong *Cohen* test as outlined by our supreme court in *Pugar.* Employing *Pugar* and *Malenfant* as guideposts, we apply the *Cohen* analysis to the case *sub judice.*

In *Malenfant,* appellant appealed a lower court order denying his request to impose transcription preparation

costs on the county. *Id.,* 274 Pa.Superior Ct. at 508–89, 418 A.2d at 522. This request was rejected by appellant's trial judge and by the court of common pleas *en banc. Id.,* 274 Pa.Superior Ct. at 507–08, 418 A.2d at 521–22. In rejecting appellant's motion, the court *en banc* noted that appellant "had not presented any evidence, either through affidavit, deposition, or otherwise, concerning his ability to bear the costs of transcript preparation. Moreover, . . . appellant at no time alleged indigency." *Id.,* 274 Pa.Superior Ct. at 508, 418 A.2d at 522.

Applying the three-prong *Cohen* test in *Malenfant,* we found that the order of the lower court was collateral to the main cause of action and that the right involved was too important to be denied review. *Id.,* 274 Pa.Superior Ct. at 510, 418 A.2d at 523. We concluded, however, that appellant's finality claim failed under the *Cohen* analysis since postponement of appellate review would not result in the irreparable loss of the costs claim. *Id.* Such is not the case here.

In the instant case, appellant, unlike his counterpart in *Malenfant,* alleged indigency. Appellant specifically submitted an IFP Verification Statement to the court documenting his inability to pay transcription preparation costs. Furthermore, appellant's trial counsel noted in the relevant statement that appellant was "provided with legal representation without cost to him and [was] unable to pay his attorney for any services heretofore rendered or hereinafter to be rendered." In light of the *Cohen* analysis, we find that postponement of our review of appellant's costs claim would result in its irreparable loss. If appellant was unable to pay the pertinent fees, he would be unable to proceed with the instant appeal.

██ Turning to the merits of appellant's appeal, we find that the lower court erred with regard to appellant's transcription preparation costs argument. Section 552(d) of our Rules of Appellate Procedure provides as follows:

**Rule 552. Application to Lower Court for Leave to Appeal In Forma Pauperis**

\*      \*      \*      \*      \*      \*

**(d) Automatic approval in certain cases.**

If the applicant is represented by counsel who certifies on the application or by separate document that the applicant is indigent and that such counsel is providing free legal service to the applicant, the clerk of the lower court shall forthwith enter an order granting the application.

Such is the case here. As noted *supra*, appellant's counsel noted that appellant was provided with free legal representation throughout this action due to appellant's indigency. Thus, we conclude that the lower court was bound to automatically approve appellant's application to proceed *in forma pauperis*.

The order of the lower court is reversed and this case is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.