Norman E. HARRY, Executor of the Estate of Janet Harry, Deceased, on His Own Behalf, and on Behalf of the Next Kin of Said Decedent, Appellant,

v.

LEHIGH VALLEY HOSPITAL,
Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.
Filed May 29, 2003.

Samuel A. Litzenberger, Quakertown, for appellant.

Howard S. Stevens, Allentown, for appellee.

BEFORE: HUDOCK, TODD and OLSZEWSKI, JJ.

OPINION BY HUDOCK, J.:

¶ 1 This is an interlocutory appeal from an order denying *in forma pauperis* status (IFP status) to Appellant, Norman E. Harry.[1] We affirm.

¶ 2 Appellant's wife, Janet Harry, died in Lehigh Valley Hospital (LVH or Appellee) on November 4, 1993. For whatever reason, the mortician was not informed of her demise until approximately twenty hours later. Mrs. Harry's body suffered from post-mortem swelling and discoloration to an extent that the family's preference for an open casket viewing was impossible. Appellant commenced an action against LVH alleging intentional and wanton mistreatment of Mrs. Harry's corpse. The trial court granted summary judgment in favor of LVH. However, on appeal, this Court reversed and remanded for trial. *Harry v. Lehigh Valley Hospital,* 748 A.2d 782 (Pa.Super.1999) (unpublished memorandum). Our Supreme Court denied allowance of appeal on May 24, 2000. *Harry v. Lehigh Valley Hospital,* 563 Pa. 646, 758 A.2d 1200 (2000).

¶ 3 Upon remand, the matter proceeded to a non-jury trial resulting in a defense verdict in favor of LVH. Subsequently, Appellant filed an application to proceed *in forma pauperis* pursuant to Rule of Appellate Procedure 552(d). However, counsel did not attach the necessary certifications that Appellant was indigent and that counsel was acting on Appellant's behalf *pro bono.* The trial court, therefore, treated the application as falling within the pur-

---

1. A ruling refusing to permit a litigant to proceed IFP pursuant to Rule of Appellate Procedure 552(d) is interlocutory but immediately appealable. *Morrison v. Miller,* 397 Pa.Super. 153, 579 A.2d 976, 978 (1990).

view of Rule 552(a) and conducted a hearing on the application. The trial court determined that Appellant had a gross income of $34,464.00 per year, a bank account with $2,000.00 and that he owned two motor vehicles. Trial Court Opinion, 12/13/01, at 1. The trial court acknowledged that Appellant had expenses, but declined to find that he was indigent.

¶ 4 In addressing Appellant's Rule 552(d) application, the trial court held it was not bound by a different judge's earlier ruling allowing Appellant to proceed IFP. *Id.* at 2. The trial court determined that the earlier ruling was based, in part, on counsel's assertion that he was representing Appellant on a *pro bono* basis. *Id.* In fact, Appellant had signed a contingency fee agreement with counsel requiring payment of a thirty-five percent fee. *Id.* The trial court concluded that, although counsel had not yet been paid, payment was contemplated under the fee agreement and that counsel was not providing "free" legal services. *Id.* The trial court denied IFP status.

¶ 5 On appeal, this Court ascertained that final judgment had not yet been entered in the case. In an unpublished decision, we held that the question of Appellant's right to IFP status under Rule 552(a) was interlocutory and not reviewable until final judgment was entered. *Harry v. Lehigh Valley Hospital,* No. 76 EDA 2002, slip op. at 3, 806 A.2d 470 (Pa.Super. filed June 18, 2002). We therefore quashed the appeal without reaching the merits of Appellant's claim. *Id.* The record does not indicate that Appellant sought allowance of appeal from our Supreme Court.

¶ 6 Upon remand, the trial court heard oral argument on Appellant's post-trial motions. The trial court denied relief on May 29, 2002. Appellant did not praecipe for entry of final judgment but did file a notice of appeal from the denial of post-trial relief. This was procedurally improper. *See Johnston the Florist, Inc. v. TEDCO Construction Corp.,* 441 Pa.Super. 281, 657 A.2d 511, 514–15 (1995) (*en banc*) (explaining that an order denying post-trial motions is interlocutory and not appealable under most circumstances absent entry of final judgment). Nevertheless, the trial court directed Appellant to file a Rule 1925(b) statement, and Appellant complied. The trial court has written an opinion addressing the issues raised thereby.

¶ 7 Appellant filed another application seeking IFP status under Rule of Appellate Procedure 552(d). This application was accompanied by the required certifications, and the Clerk of Courts entered an order granting the request. However, on July 11, 2002, the trial court entered an order revoking the Clerk of Courts' order and explicitly denying IFP status. Appellant filed a timely notice of appeal from the order of July 11th. Although final judgment has not been entered, this appeal is properly before us under our decision in *Morrison v. Miller,* 397 Pa.Super. 153, 579 A.2d 976 (1990). *See* above, footnote 1.

¶ 8 Appellant presents three issues for our consideration:

1. Where the Clerk of Courts of Lehigh County on June 19, 2002, ordered Forma Pauperis [sic] status to [Appellant] and excuse[d] him from costs on appeal including reproduction of the record pursuant to Pa.R.A.P. 552(d) did the Court commit an error of law or abuse of discretion in entering its order of July 11, 2002, vacating the Clerk of Court's Order?

2. Was the lower Court without authority to enter an Order contrary to that of a prior Order of the lower Court where the Judges are of coordinate jurisdiction?

3. Did the lower Court abuse its discretion in vilifying [Appellant's counsel] where he was not false and fraudulent at any time; where he disclosed the gross income and the existence of the contingent fee agreement to the lower Court and where the lower Court obviously thought that a gross annual income regardless of expenses or needs disqualified [Appellant] from In Forma Pauperis status and that a contingent fee agreement indicated [the] attorney was getting paid was in error?

Appellant's Brief at 3.

 ¶ 9 Appellant first argues that Rule of Appellate Procedure 552 requires automatic approval of *in forma pauperis* status on appeal. The Rule states:

If the applicant is represented by counsel who certifies on the application or by a separate document that the applicant is indigent and that such counsel is providing free legal service to the applicant, the clerk of the lower court shall forthwith enter an order granting the application.

Pa.R.A.P. 552(d). We agree with Appellant that the language of the Rule is mandatory. We also agree with Appellant that, generally speaking, once counsel has certified that an applicant is indigent and that he is providing free legal services, the trial court must enter an order granting IFP status. *Morrison v. Miller*, 397 Pa.Super. 153, 579 A.2d 976, 978 (1990).[2]

¶ 10 However, Appellant has neglected to take into consideration the fact that, in the present case, his previous application for IFP status was denied after a full hearing at which the trial court made factual findings based on the record. Specifically, the trial court found that Appellant is not "indigent" and that counsel is not providing "free legal service" since counsel has at all times proceeded pursuant to a fee agreement which requires Appellant to pay a thirty-five percent contingency fee. *See* Trial Court Opinion, 12/13/01, at 1–2. While Rule 552(d) mandates the Clerk of Courts to grant IFP status upon proper request, nothing in the Rule affords counsel the right to perpetrate a fraud upon the Clerk of Court by certifying *pro bono* legal representation when counsel is operating pursuant to a fee agreement.

¶ 11 To permit Appellant's counsel to circumvent the trial court's prior determination simply by certifying factual averments contrary to the record would subvert the very purpose of the Rules of Appellate Procedure which is to secure the "just" determination of every matter to which they apply. Pa.R.A.P. 105(a). Setting aside the question of whether Appellant is "indigent" within the meaning of Pennsylvania law, the fact is that Appellant's counsel is not providing free legal services. Pennsylvania law treats a contingency fee agreement as a contract to pay for services duly rendered in the same fashion that our law governs fixed fee arrangements. The Rules of Professional Conduct cover both fixed and contingent fee agreements under the same provision. *See* Pa.R.P.C. 1.5 (Fees) (explaining lawful fee arrangements for legal services). Our decisional law permits lawyers to enforce contingency fee agreements via civil action just as it permits fixed fee agreements to be enforced. *See, e.g., Capek v. Devito*, 564 Pa. 267, 767 A.2d 1047 (2001) (permitting attorney to proceed with efforts to collect *in quantum meruit* under contingency fee agreement).

 · ¶ 12 The fact that counsel for Appellant has received no payment pursuant

2. We note that counsel for Appellant in the present case also was counsel of record for the plaintiff/appellant in *Morrison*.

to the contingency fee agreement at issue in this case does not mean that he is acting *pro bono.* It means he has not yet been paid and that, perhaps, he never will be paid. We agree with the trial court that if we were to accept the interpretation of Rule 552(d) Appellant urges, then we would effectively be requiring the counties of Pennsylvania to pay all costs, including payment for transcripts, in every contingency fee case in which counsel is willing to certify that his or her client is "indigent." We cannot expand the compass of the Rule in this fashion.

¶ 13 Appellant claims the trial judge who vacated the Clerk of Courts' certification order had no authority to overrule an order previously entered by a different judge granting IFP status to Appellant. The coordinate jurisdiction rule prohibits a judge from overruling the decision of another judge of the same court under most circumstances. *Ryan v. Berman,* 572 Pa. 156, 159–60, 813 A.2d 792, 794 (2002). There are, however, situations when the rule does not apply. *Id.* In the present case, the trial judge has explained the basis of his decision to overrule the previously entered order:

> [Appellant] made reference to a prior order of this court dated December 18, 1998, by the Honorable Robert Steinberg, allowing him to proceed *in forma pauperis* at an earlier stage of the proceedings. However, that order was based in part on a certification from [Appellant's counsel] that he was providing free legal services to [Appellant]. This certification was and is not accurate. [Counsel] acknowledged at the hearing before me that he has been representing [Appellant] pursuant to a 35% contingent fee contract.

Trial Court Opinion, 12/13/01, at 2. Departure from the coordinate jurisdiction rule is permitted when there has been a substantial change in the facts or evidence.

*Ryan,* 572 Pa. at 161–62, 813 A.2d at 795. We agree with the trial court's reasoning and find that this situation falls outside the purview of the rule. *See id.* (cautioning that rigidly applying the coordinate jurisdiction rule can undermine the purposes of the rule). We cannot find that the trial court erred in this instance.

¶ 14 Finally, Appellant contends that the trial court committed an abuse of discretion by vilifying counsel for providing false and fraudulent information. Appellant has conceded that his income is as stated in the trial court's opinion. *See* Appellant's Brief at 11. Moreover, Appellant does not dispute the trial court's finding that a contingency fee agreement exists in this case. We have already discussed the impact of the contingency fee agreement on Appellant's right to receive *in forma pauperis* status, and we see no need to reiterate that analysis. We can provide no relief on this claim.

¶ 15 Order affirmed.